UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICK M. BOOTH,

                        Plaintiff,

v.

CITY OF WATERTOWN; WATERTOWN          5:22-CV-1011
POLICE DEP'T; DUSTIN C. SHAWCROSS,       (BKS/ML)
Police Officer; PEARCE A. PARSONS,
Police Officer; DAVID PAULSEN, County Attorney;
CHARLES DONOGHUE, Chief
of City Police,

                        Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

PATRICK M. BOOTH
  Plaintiff, *Pro Se*
Elmira Correctional Facility
Post Office Box 500
Elmira, New York 14902
(last known address)

MIROSLAV LOVRIC, United States Magistrate Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Plaintiff Patrick M. Booth ("Plaintiff") commenced this civil rights action *pro se* on September 26, 2022, asserting claims arising from an interaction he had with members of the Watertown Police Department on June 24, 2022.  (Dkt. No. 1.)  Plaintiff did not pay the filing fee for this action and seeks leave to proceed *in forma pauperis* ("IFP").  (Dkt. Nos. 2, 3, 4.)

**II.     DISCUSSION**

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to grant IFP status if it determines that the plaintiff is unable to pay the required fee.  28 U.S.C. § 1915(a)(1).[1]  Pursuant to 28 U.S.C. § 1915, where a plaintiff seeks leave to proceed IFP, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the required filing fee.  28 U.S.C. § 1915(a)(1).

The decision of whether to grant an application to proceed IFP rests within the sound discretion of the court.  *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983).  The Court must be satisfied "that the person is unable to pay such fees or give security therefor" prior to granting IFP status.  28 U.S.C. § 1915(a)(1).  To make this threshold showing, a plaintiff must demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute."  *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (Fed. Cl. 2007) (citing *Adkins v. E.l. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915[a] does not require a litigant to demonstrate absolute destitution[.]"); *accord, Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).  As the Second Circuit has noted, "no party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life."  *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. at 339).

---

[1]     The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

Plaintiff was confined at Jefferson County Jail when he signed his IFP application on or about September 19, 2022. (Dkt. No. 2 at 2; Dkt. No. 3 at 2.) According to a letter he addressed to the Clerk of the Court received on October 27, 2022, Plaintiff was transferred to the Elmira Correctional Facility and was scheduled to be released from custody on December 29, 2022. (Dkt. No. 7.) Publicly available records indicate that Plaintiff is no longer incarcerated in the custody of the New York State Department of Corrections and Community Supervision.[2] Because Plaintiff's IFP application does not reflect his current post-release financial condition, the Court cannot determine whether he has established sufficient economic need. Accordingly, Plaintiff's IFP application is denied without prejudice and with leave to renew.[2]

If Plaintiff wishes to proceed with this action, he must comply with the filing fee requirements **within thirty (30) days** of the filing date of this Decision and Order. Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP applications (Dkt. No. 2, 3) are **DENIED without prejudice and with leave to renew**; and it is further

**ORDERED** that Plaintiff's authorization form (Dkt. No. 4) is **STRICKEN** from the docket as unnecessary; and it is further

---

[2]    VINELink, https://vinelink.vineapps.com/person-detail/offender/768562;tabIndexToSelect=0 (last visited February 9, 2023).

[2]    In light of Plaintiff's release from custody, the provisions of 28 U.S.C. § 1915(e) requiring prisoners to pay the filing fee over time from funds available in their inmate accounts are not applicable. The Clerk is therefore directed to strike Plaintiff's authorization form (Dkt. No. 4) as unnecessary.

**ORDERED** that should Plaintiff wish to proceed with this action, he must either (i) pay the $402.00 filing fee, or (ii) submit a renewed IFP long form application detailing his current post-release financial condition **within thirty (30) days** from the date of the filing of this Decision and Order. Failure to comply with this directive will result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed; and it is further

**ORDERED** that upon Plaintiff's compliance with this Decision and Order, the Clerk shall return the file to the Court for further consideration and, if appropriate, review of the complaint in accordance with 28 U.S.C. § 1915(e)(2); and it is further

**ORDERED** that the Clerk shall serve this Decision and Order on plaintiff by mail. The Clerk shall also send plaintiff a blank long form IFP application.

Dated: February 7, 2023
Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge