UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICK M. BOOTH,

                              Plaintiff,                    5:22-cv-1011 (BKS/ML)

v.

CITY OF WATERTOWN,
WATERTOWN POLICE DEPARTMENT,
DUSTIN C. SHAWCROSS, PEARCE
A. PARSONS, DAVID PAULSEN, and
CHARLES DONOGHUE,

                              Defendants.
_____

**Appearances:**

*Plaintiff pro se*
Patrick M. Booth
C5216
Jefferson County Jail
753 Waterman Drive
Watertown, NY 13601

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On September 26, 2022, Plaintiff Patrick M. Booth filed a Complaint pro se under 42 U.S.C. § 1983, asserting claims of excessive force, failure to protect, cruel and unusual punishment, and deprivation of life liberty, and property claims under the Fourth, Eighth, and Fourteenth Amendments. (Dkt. No. 1). Plaintiff initially sought leave to proceed *in forma pauperis* ("IFP"), (Dkt. Nos. 2, 3), but on June 5, 2023, paid the filing fee.[1] Accordingly, the

---

[1] Plaintiff's re-incarceration or transfer to a different facility, and failure to file a complete IFP application or pay the filing fee, delayed the initial review of the Complaint for several months. (Dkt. Nos. 10, 11, 12, 13, 14, 15, 16, 22).

Complaint was referred to United States Magistrate Judge Miroslav Lovric for initial review under 28 U.S.C. § 1915A. On September 20, 2023, Magistrate Judge Lovric issued a Report-Recommendation recommending that Plaintiff's claims against Defendants David Paulsen Charles Donoghue, Watertown Police Department, and the City of Watertown, as well as his Eighth and Fourteenth Amendment claims be dismissed but that his Fourth Amendment excessive force and failure to protect claims against Defendants Shawcross and Parsons proceed. (Dkt. No. 30). Magistrate Judge Lovric also recommended that Plaintiff be given leave to replead any dismissed claims. (*Id.* at 14–16). Magistrate Judge Lovric advised Plaintiff that he had fourteen days within which to file written objections to the Report-Recommendation under 28 U.S.C. § 636(b)(1), and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. (*Id.* at 17). Plaintiff filed objections on October 4, 2023. (Dkt. No. 31).

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation

omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

**III.    DISCUSSION**

Magistrate Judge Lovric recommended dismissal of Plaintiff's claims against: (1) Defendant City of Watertown on the basis that the Complaint fails to allege facts suggesting an unconstitutional policy or custom, or failure to train that would allow a plausible inference of municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), (Dkt. No. 30, at 7–8); (2) Defendant Watertown Police Department on the basis that as a municipal department, it "does not have the capacity to be sued as an entity separate from the municipality in which it is located," (*id.* at 6); and (3) Defendant Donoghue on the basis that the Complaint, which contains no allegations of wrongdoing as to Donoghue, fails to allege personal involvement, (*id.* at 8–10), a necessary element of a § 1983 claim, *see Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (explaining that "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009))). In addition, Magistrate Judge Lovric recommended that Plaintiff's Eighth Amendment claim be dismissed as there is no allegation in the Complaint that Plaintiff was a convicted prisoner at the time of the events at issue. (Dkt. No. 30, at 13 ("The protections of the Eighth Amendment 'only apply to a person who has been criminally convicted and sentenced; they do not apply to the conduct of police officers in connection with the investigation and arrest of suspects prior to conviction and sentencing.'" (quoting *Spicer v. Burden*, 564 F. Supp. 3d 22, 31 (D. Conn. 2021)))). Magistrate Judge Lovric further recommended that Plaintiff's Fourteenth Amendment due process claim be dismissed as the Complaint "fails to allege facts plausibly suggesting that Defendants . . .

deprived Plaintiff of life, liberty, or property or that he was denied constitutionally sufficient process based on the incident that occurred on June 24, 2022." (*Id.*).

Plaintiff objects "to dismissal against the City of Watertown and also to the Watertown Police Department," explaining that he "only put the bare minimum in the complaint thinking the rest would come out as we go." (Dkt. No. 31, at 1). Plaintiff also seems to object to the dismissal of Defendant Donoghue. (*Id.* at 2 ("I filed a complaint with Charles Donoghue about being assaulted by Shawcross and Parsons.")). While Plaintiff purports to object to the dismissal of Defendants City of Watertown, Watertown Police Department, and Donoghue, he fails to identify any specific error in Magistrate Judge Lovric's analysis. Thus, as Plaintiff fails to raise an objection that is "specific and clearly aimed at particular findings in the magistrate's proposal," the Court reviews the Report-Recommendation for clear error. *Machicote*, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4. Having reviewed the Report-Recommendation for clear error and having found none, the Court adopts the Report-Recommendation in its entirety.

IV.   SERVICE

Where a plaintiff has been authorized by the Court to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, the U.S. Marshals Service is appointed to effect service of process of the summons and operative pleading on his behalf.  See Fed. R. Civ. P. 4(c)(2) (U.S. Marshal must be appointed to serve process when plaintiff is authorized to proceed in forma pauperis); 28 U.S.C. § 1915(d) ("the officers of the court shall issue and serve all process and perform all duties in [in forma pauperis] cases.").  However, in this case, Plaintiff has not filed a proper application to proceed IFP, instead electing to pay the filing fee in full.  As a result, Plaintiff is responsible for serving the summons and complaint on the surviving defendants.

Rule 4(c) of the Federal Rules of Civil Procedure also provides that "[a]t the plaintiff's

4

request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Therefore, in order to advance the disposition of this action, Plaintiff is advised that he must, within thirty days, do one of the following two things: (1) submit a properly completed and certified application to proceed IFP along with the inmate authorization form required in this District for the Court to consider in accordance with 28 U.S.C. § 1915;[2] or (2) submit a request for service by the United States Marshal.

In the event Plaintiff chooses the first option, the Court will evaluate whether he has demonstrated sufficient economic need. If Plaintiff's IFP application is granted, the U.S. Marshals Service will be appointed to effect service of process of the summons and complaint on plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("the officers of the court shall issue and serve all process and perform all duties in [IFP] cases.").

In the event Plaintiff wishes to request service by the United States Marshal, he must also pay the service fee due to the U.S. Marshal in full in advance by money order or certified check,[3] and submit two copies of his complaint for service. Plaintiff is directed to send the service documents and payment of the service fee to the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367, to be forwarded by the Clerk to the U.S. Marshal.

Plaintiff is further advised that his failure to timely comply with the aforementioned directive regarding service may result in the dismissal of this action pursuant to Rules 4(m) and

---

[2] Certified account statements may be submitted in lieu of the completed certificate portion of the IFP application. *See* 28 U.S.C. § 1915(a)(2).

[3] Payment in cash or by personal check is not acceptable. For service by mail, the fee is $8.00 per summons and amended complaint. The cost of service by mail on the surviving defendants in this action is therefore $16.00. Plaintiff is also advised that, if initial service is unsuccessful, he will be required to pay the U.S. Marshal any additional fee, also in advance, for subsequent service attempts according to the fee schedule set by the U.S. Marshal.

Rule 41(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 41.2(a).

## V.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 30) is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITH LEAVE TO REPLEAD** to the extent that it asserts (1) claims against Defendants Paulsen, Donoghue, City of Watertown, and Watertown Police Department; and (2) claims against Defendants Shawcross and Parsons asserting (a) an excessive force claim pursuant to the Eighth Amendment, (b) a failure to protect claim pursuant to the Eighth Amendment, (c) a claim of cruel and unusual punishment pursuant to the Eighth Amendment, and (d) a procedural due process claim pursuant to the Fourteenth Amendment; and it is further

**ORDERED** that the Court **ACCEPTS FOR FILING** Plaintiff's Complaint (Dkt. No. 1) to the extent that it asserts claims against Defendants Shawcross and Parsons asserting (1) a claim of excessive force pursuant to the Fourth Amendment, and (2) a claim of failure to intervene pursuant to the Fourth Amendment; and it is further

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Lovric for review; and it is further

**ORDERED** that if Plaintiff does not file a timely amended complaint, he must do one of the following two things within thirty (30) days of this Order: (1) submit a signed and completed

IFP application, certified by an appropriate official at his current facility, for the Court to consider in accordance with 28 U.S.C. § 1915;[4] or (2) submit a motion requesting service by the United States Marshal; and it is further

**ORDERED** that upon plaintiff's submission of a fully completed IFP application or motion requesting service by the United States Marshal, the Clerk shall return this matter to the Magistrate Judge Lovric for further review; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action; and it is further

**ORDERED** that the Clerk shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

---

[4] Certified account statements may be submitted in lieu of the completed certificate portion of the IFP application. *See* 28 U.S.C. § 1915(a)(2).

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff, together with a blank IFP application.

**IT IS SO ORDERED.**

Dated: November 15, 2023
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge